## BEVANS, et ux. vs. BRISCOE.

APPEAL from *Kent* County Court. This was an action for the use and occupation of 500 acres of land called *Stapley's Lot.* The general issue was pleaded.

1. The plaintiffs below, (the present appellants,) proved that the defendant had used and occupied the land, mentioned in the declaration, from April 1811 to the end of the same year, and that it was the property of *Ann*, the female plaintiff, whilst she was sole. They also proved its value. The defendant then offered evidence to prove, that a certain *David Lamb*, the former husband of the female plaintiff, did early in the year 1810, lease the said land, by a parol agreement, to the defendant, for the years 1810 and 1811, reserving as rent therefor one third of the corn, and one third of the wheat which might be grown during the term; that the land was contained in one field, consisting in part of woodland, and the residue cultivated in corn in the year 1810, and seeded in wheat in the fall of 1810 by the defendant. That *Lamb*, in November 1810, agreed with the defendant to alter the nature of the rent, and in pursuance of that agreement did receive and take the bond of the defendant, conditioned for the payment of the sum of $300 for the said rent, to be paid to *Lamb* in August 1811, which bond was assigned by *Lamb*, on the 1st of December 1810, to *William Harris*. That *Lamb* died in April 1811; and that the defendant paid and satisfied *Harris* the money due on the bond in August 1811. The defendant then prayed the court to direct the jury, that if they should be of opinion from the evidence, that *Lamb*, in the fall of 1810, agreed with the defendant for the rent of the farm for 1811, and that the defendant gave his bond to *Lamb* for the rent, amounting to $300, payable sometime in August 1811; and that *Lamb*, on the 1st of December 1810, assigned away the bond to *William Harris*, who in the fall of the year 1811, received the money due on the bond from the defendant, that then the plaintiffs could not recover the said rent, or the proportion thereof, from the month of April 1811, the time when *Lamb* died. Which direction the Court, (*Earle*, Ch. J.) accordingly gave. The plaintiffs excepted.

2. The plaintiffs then prayed the opinion of the court to the jury, that they, the plaintiffs, were entitled to a verdict for the value of the land used and occupied by the defendant, from April 1811 till the end of the same year, as well that part on which the wheat was growing at the death of *Lamb*, as for every part thereof, and while the wheat was growing thereon. But the court refused to give this

If a tenant for life make a lease for years, and dies before the expiration of the term, the under tenant, or tenant for years, if he has sown the lands, is entitled to the crop, and has the right of ingress, egress and regress, to preserve, gather, and carry it off. Where tenant for life dies in possession, the reversioner or remainderman is not entitled to the occupation of the lands on which a crop is growing, until that crop is taken off, or a reasonable time is given for taking it off; and the law is the same where the lands are leased for years to an under tenant. If tenant for years occupies the premises after the emblements are taken off, the remainderman is entitled to recover the use and occupation.

B, the husband of A, by a parol agreement in the fall of 1810, leased her lands to C for the year 1811, and C gave his bond to B for the rent, payable in August 1811, which B assigned to W, and in August 1811, the bond was paid by C. In April 1811 B died. Part of the lands was seeded in wheat in the fall of 1810, and the residue was wood land. A brought an action against C for use and occupation from April 1811 to the end of that year—Held, that she was not entitled to recover for the value of the land used and occupied by C from April 1811; that C was entitled to the wheat growing, & had a right to enter for the purpose of securing it; and for the time the wheat was growing, and until it was taken off, he was not liable to pay for the use and occupation of the land on which it was growing. That the parol lease of B determined with his decease, and C, as his tenant, had no right to possess the demised premises, except to preserve the crop; and if he occupied them, or any part of them, for any other purpose, he was liable to A for the use and occupation thereof.

opinion, being of opinion that the defendant was entitled to the wheat growing, and had a right to enter, for the purpose of securing the same; and for the time the wheat was growing, and until he had secured the same and taken it off, he was not liable to pay for the use and occupation of the land on which it was growing. The court were further of opinion, that the parol lease of *Lamb* determined with his decease, and the defendant, as his tenant, had no right to possess the demised premises; and if he occupied the same, or any part of them, he was liable to pay to the plaintiffs for its use and occupation. The plaintiffs excepted. Verdict for the plaintiffs, and damages assessed to $20, which sum not being within the jurisdiction of the court, judgment was entered for the defendant. The plaintiffs appealed to this court.

The cause was argued before Nicholson, Johnson, and Martin, J.

*Chambers,* for the Appellants, cited the stat. 11 *Geo.* II, *ch.* 19, *s.* 14, 15, giving executors of a tenant for life an action for a proportion of rent. The husband of *a feme* tenant in fee, is to be considered as tenant for life. *Co. Litt.* 351 *a.* 273 *b.* A reversioner is entitled to recover from the time of the death of the tenant for life. *Jenner vs. Morgan,* 1 *P. Wms.* 392.

*Tilghman,* for the Appellee, referred to 6 *Bac. Ab.* tit. *Rent,* 14. *Rockingham vs. Penrice,* 1 *P. Wms.* 177. *Shuttleworth vs. Garrett.* 1 *Shower,* 35. 2 *Blk. Com.* 144. *Littleton vs. Burns, Leon.* 136; and 1 *Pow. on Cont.* 156.

Nicholson, J. delivered the opinion of the court. The law is well settled, that where tenant for life makes a lease for years, and dies before the expiration of the term, the under-tenant, or tenant for years, if he has sown the lands, shall reap them; or in other words, that he is entitled to the emblements. *Co. Litt.* 50. 2 *Blk. Con.* 145,

Prior to the statute 11 *Geo,* II. *ch.* 19, if tenant for life, who made a lease for years, died before the day on which the rent was payable, his executors had no remedy for the recovery of the rent from the tenant for years, to whom in fact it became a donation. By that statute, however, (section 15,) a remedy is provided, and the executors of tenant for life may recover a proportion of the rent to be computed to the time of the death of tenant for life. Before and since the statute, the reversioner or remainderman had the same right to enter upon the tenant for years, as he had to enter where tenant for life died in possession. If executors of tenant for life held over, the remainderman or reversioner had his action against them, and might recover a compensation for the wrong done to him in holding over. He may, since the statute, recover in an action for use and occupation. He has the same remedy against tenant for years who holds over. The question then is, in what re-

spect shall the tenant for years, or executors of tenant for life, be said to hold over, so as to be subject to the action of the reversioner or remainderman? It being settled, that tenant for life, and his under-tenant for years, are entitled to the emblements, it is equally well settled that he has the right to ingress, egress and regress, to preserve the crop, to gather it, and to carry it off. It must necessarily follow that in doing this he is no trespasser upon, nor a tenant holding under the remainderman or reversioner. The *fifteenth* section of the statute provides a remedy for the executors of tenant for life, but gives no remedy to the remainderman or reversioner, nor does it place him in a better situation than he was before. The *fourteenth* section embraces him, as well as all other persons, in the general provision which gives the action for use and occupation. His rights are precisely what they were before the statute, although the nature of his remedy may be somewhat changed. Where tenant for life dies in possession, the reversioner or remainderman is not entitled to the occupation of the lands on which a crop is growing, until that crop is taken off, or a reasonable time is given for taking it off; and the law must be the same where the lands are leased for years to an under-tenant, who has all the rights which the executors of tenant for life would have had if he had died in possession.

If tenant for years occupied the premises after the emblements were taken off, the remainderman was entitled to recover for the use and occupation; and so the court instructed the jury, as stated in the *second* bill of exceptions.

Some further provisions may be necessary on this subject, but these are for the legislature to make.

The court agree with the court below in the opinions given in both of the bills of exceptions.

JUDGMENT AFFIRMED.