### Peter Huyser, and others, v. David Chase.

*Tenancy at will — notice to quit.* — Under a verbal lease for twenty-one months from and after the 31st of July, 1862, the lessee entered into possession of premises and paid rent monthly in advance, according to the terms of the lease. On the 10th of July, 1863, notice to quit said premises on the 1st of August following, was given. *Held,* That said lease being invalid under the statute of frauds, the lessee was a tenant at will, and said notice was insufficient to terminate his tenancy.

*Held, also,* That as said lease was to run from and after the 31st of July, the term began on the 1st of August, and that said notice should have been served a full month previous to August 1st.

*Heard October 7, 1864. Decided January 28.*

Error to Wayne Circuit.

The case was brought to the Circuit by appeal from a Circuit Court Commissioner, before whom proceedings were commenced, by defendant in error against the plaintiff in error, to recover the possession of leased premises.

The finding of the Court was as follows:

"That in the latter part of July, 1862, the complainant leased to the defendant the premises described in the complaint in this cause, for twenty-one months from and after the thirty-first day of July, in the year eighteen hundred and sixty-two, at a rent of $200 per annum, payable in equal monthly installments of sixteen and two-thirds dollars, at the commencement of each month, and for certain specified repairs, and also for general repairs to be made on said premises; that the terms and conditions of the lease were then agreed upon verbally, and the same was *to be reduced to writing,* and

signed by the parties; that the defendants thereupon went into possession of the premises before the lease was reduced to writing and executed; that thereafter the complainant had the lease reduced to writing, as agreed upon, and offered it to defendants to execute, at two different times, at both of which they refused to execute the same, and *no written lease was ever executed between the parties, and no other contract or agreement was ever made than as above stated;* that the entry of said defendants was at the commencement of said agreed term, and the defendants paid, and the complainant accepted the monthly rents, as specified in said verbal agreement, and after the refusal of said defendants to execute said written lease until the thirty-first day of July, in the year eighteen hundred and sixty-three, being for twelve months, the last receipt for the same being as follows, to wit:

"Received of P. & R. Huyser, sixteen dollars and sixty-six cents, in full for rent up to July 31st, 1863.

"DAVID CHASE.

"DETROIT, July 1, 1863."

That on the tenth day of July, eighteen hundred and sixty-three, the complainant gave the defendants notice in writing to quit the said premises, and give up possession thereof to him on the first day of August then next, which notice was in the following words and figures:

"DETROIT, July 10, 1863.

"*Messrs. P. & R. Huyser:*

"You are hereby notified to leave and vacate my house and premises you now occupy, on Woodward Avenue, it being house No. 186, on the first day of August next, as I want to take possession of the same at that time.

"DAVID CHASE."

HUYSER v. CHASE.

That the defendants, after the time specified in said notice, refusing to give up the possession of the premises, the complainant instituted the proceedings, brought up by the appeal in this cause, before the Circuit Court Commissioner.

And the Court, from the facts found as above stated, finds as a conclusion of law, that the defendants held over the premises described in the complaint, after the time for which they were demised or let to them, and contrary to the agreement under which they held, and that the complainant was entitled to claim and have the restitution of the said premises in this suit, and renders judgment accordingly, with the costs of the suit, against said defendants.

And as to the points of law upon which the Court was requested, in writing by the defendant's counsel, to find particularly, the Court finds:

1. That the facts as hereinbefore mentioned, as found to be true, constituted the said defendants tenants from year to year, and that at the end of the first year from the entry, the complainants might proceed in this action without notice to defendants.

2. The facts as above found did not constitute the defendants tenants, from month to month.

*Knight* and *Jennison* for plaintiffs in error:

The defendant in error, (the landlord,) having accepted rent from plaintiffs in error, (the tenants,) according *to the terms of the original agreement*, after the tenant had refused to execute the lease, a tenancy from month to month was created, commencing from the time of entry.—*Anderson v. Prindle*, 23 *Wend.*, 616; *Coffin v. Lunt*, 2 *Pick.*, 70; *Schuyler v. Legget*, 2 *Cow.*, 663; *Bradley v. Covel*, 4 *Cow.* 349; *People v. Rickert*, 8 *Cow.* 226; *Nichols v. Williams*, 8 *Cow.*, 13; *Kerr v. Clark*, 19 *Mo.*, 132; *Ridgely v. Stillwell*, 25 *Mo.*, 570; *Den. v. Drake*, 2 *Green, N. J.*, 523.

2. The contract being for a tenancy from month to. month, to entitle the landlord to dispossess the tenant, he must show the service upon him of a month's notice to quit, *at the end of some month*, computing the time from the commencement of the term, and the day mentioned in the notice must correspond with the day on which the term commenced. — *Prickett v. Ritter*, 16 *Ill.*, 96; *Prescott v. Elm.* 7 *Cush.*, 346; *Baker v. Adams*, 5 *Cush.*, 99; *Oaks v. Monroe*, 8 *Cush.*, 282; *Currier v. Bar-. ker*, 2 *Gray,* 224; *Willard v. Baker*, 2 *Gray*, 336; *Hanchet v. Whitney*, 1 *Vt.*, 314; *Taylor's Landlord and Tenants*, §476–7–8; *Chitty on Contracts*, 346–7; *Adams on Ejectment*, 139, 145; 2 *Esp.*, 717.

A notice to quit at any day subsequent to the termination of the lease, is a consent by the landlord to a holding over after the term. — *Doe v. Lea*, 11 *East*, 312.

*Ward & Palmer*, attorneys for defendant in error:

Under the circumstances it was a correct conclusion, of law, that plaintiffs held the premises contrary to the. agreement under which they held, and they were liable to be removed without previous notice to quit. — *Comp. Laws*, §4985; *Phillips v. Covert*, 7 *John.*, 1; *Catlin v. Hayden*, 1 *Vt.*, 375.

If there had been no agreement, that the lease should be reduced to writing, and signed by the parties, the whole matter would be reduced to a verbal letting for more than a year, and therefore void, ( *C. L.* §3179;) but if the plaintiffs took possession under such a lease, it would operate as a lease for a year, especially as an annual rent was reserved, and they would be liable to. be removed from the premises at the end of the first year without notice to quit; but, if they were allowed to enter upon the second year without objection, it would become a tenancy from year to year, and in a suit of ejectment they would be entitled to six months' notice.

to quit; but under the tenant act might they not be proceeded against without notice as holding over after the time for which the premises were demised or let to them. — 2 *Pick.*, 71, *note ; N. Y. R. S., vol.* 2, *p.* 512, §28; *Drake v. Newton,* 3 *Zabriskie,* 111; *Clayton v. Blakey,* 8 *Term. R.,* 3; *Taylor's Landlord and Tenant,* §79, §468; 10 *Viners' Abr. Title, Estate, B ; Nichols v. Williams,* 8 *Cow.,* 13; *Rowan v. Lyttle,* 11 *Wend.* 616 ; 3 *Kent's Com.* 400; 4 *Kent's Com.,* 114.

CAMPBELL J.:

Chase agreed with the plaintiffs in error, to lease to them certain premises, set forth in the case, for twenty-one months, from the 31st day of July, 1862. The agreement was made during that month, and the lease was to be in writing. The lessees were put in possession, but afterwards refused to accept a written lease. Chase received rent, however, from month to month, in advance, up to July 31st, 1863. July 10th, 1863, he notified the tenants to quit on the 1st of August, and on their refusal, he brought this action to oust them, and obtained judgment in his favor, which is now brought up for review.

The lease was not valid, under the Statute of Frauds, and the tenancy must be regarded as a tenancy at will. Our statutes have provided that estates at will may be terminated by a notice of three months; but, where the rent reserved in a lease at will is payable at periods of less than three months, the time of such notice shall be sufficient, if it be equal to the interval between the times of payment. As the lease was to run from and after the 31st of July, the term began on the 1st of August, and the notice would have been good, had it been served a full month previously. As the statute covers the entire case, it is not necessary to consider any other questions discussed.

Chase had no cause of action, inasmuch as his notice did not end the tenancy; and the plaintiffs in error are entitled to judgment on the finding, with costs of both Courts. The judgment below should be reversed, and a new judgment entered accordingly.

CHRISTIANCY J. concurred.

MARTIN Ch. J.:

The facts of this case clearly show that the plaintiffs in error were tenants at will, under Chase. The contemplated contract, for a leasing for twenty-one months, was never reduced to writing, and was, therefore, void, under the Statute of Frauds. The entry of the plaintiffs was, consequently, under no lawful agreement for any specific term; and the consent of Chase to the occupancy, and the acceptance of rent by him, establishes nothing, but that such occupancy was at his will. No term was fixed, and no rent agreed upon for any term. The acceptance of a payment of rent monthly, proves nothing, in the absence of a specific agreement that the tenancy should be one from month to month, or for a specified time. It only shows that the occupancy was permitted at the landlord's will. Such being the law of this case, it follows that the notice of the 10th of July, 1863, given by Chase to the plaintiffs, to surrender the premises on the 1st day of August following, was not a compliance with the statutory requirements in cases of tenancy at will, as the statute requires three months' notice to be given to the tenant, unless the rent reserved is payable at periods less than three months, in which latter case, a notice shall be sufficient, if equal to the interval between the times of payment. In the present case, the notice was insufficient, in any aspect of the case. Had the plaintiffs neglected, or refused to pay rent, a different rule would apply. — See *Comp. Laws*, §2807.

The judgment must be reversed, and a judgment rendered in favor of the plaintiffs in error, for costs of both Courts.