Mabston, J.:
In this case it is not necessary to determine what plaintiffs’ rights would have been as purchasers of the wheat at the sale made in March, in case the lease had been forfeited for nonpayment of rent. The evidence in this case is clear, that at the time the wheat was sold to plaintiffs there had been no breach or forfeiture of the lease, and there was no certainty that there would be.. Afterwards, upon the rent becoming due and being unpaid, the tenant abandoned the premises and agreed to surrender possession thereof to his landlord, the defendant, and the defendant entered' into possession, not because of a forfeiture, but under this agreement. The tenant had a clear right to sell this wheat in March before the rent became due, and he could not, by any subsequent agreement with others, impair the title acquired at such sale. To so hold would but enable him to sell his growing crops, and afterwards, by collusion with his landlord, defeat the purchaser’s title. We do not wish to be understood as even intimating that there was any such collusion in this case.. The landlord seems to have acted *in perfect good faith in making the agreement and taking possession, although he had full knowledge of the sale at the time it was made.
*393 The judgment must be reversed, with costs, and a new trial ordered.
The other justices concurred.