GEORGE M. DAYTON v. ABRAM W. VANDOOZER.

*Lease—Right to sell crops.*

A tenant's right to sell growing crops on abandoning the land during the life of his lease is not shown to be lost by failure to perform the conditions of the lease, unless it also appears that there was a clause of forfeiture for non-performance.

Error to Ingham. Submitted Nov. 1. Decided Nov. 21.

REPLEVIN. Defendant brings error.

*A. E. Cowles* for plaintiff in error. Crops belong to the landlord on re-entry upon forfeiture by the tenant, Taylor's L. & T., § 535; 4 Kents' Com., 128; *Bulwer v. Bulwer*, 2 B. & Ald., 470; *Davis v. Eyton*, 7 Bing., 154; *Chandler v. Thurston*, 10 Pick., 205; *Clark v. Cummings*, 5 Barb., 339; *Parmelee v. Oswego & Syr. R. R.*, 7 Barb., 599; *Bleecker v. Smith*, 13 Wend., 530; and the right is not defeated by a sale by the tenants after forfeiture, 1 Washb. R. P., (4th ed.) 135; *Oland v. Burdwick*, 1 Cro., 460; *Nye v. Patterson*, 35 Mich., 413; the crop belongs to the landlord if he protects and harvests it after the tenant abandons the land, Co. Litt., 556; 1 Washb. R. P., (4th ed.) 9; *Carpenter v. Jones*, 63 Ill., 517; *Debow v. Titus*, 5 Halst., 128; *Chandler v. Thurston*, 10 Pick., 205.

*E. D. Lewis* and *R. C. Dart* for defendant in error.

COOLEY, J. The controversy in this case relates to a crop of wheat raised by one Hardy on land leased to him by Dayton. Hardy, it appears, abandoned the land before the lease had expired, and sold the growing wheat to Vandoozer. Dayton, on the other hand, claimed that Hardy had forfeited his estate under the lease, by non-compliance with its provisions, and that thereby he, as lessor, became entitled to re-enter and take possession

of and hold the growing crop, which he proceeded to do.

The difficulty with Dayton's case is, that the lease is not put in evidence, and therefore there is nothing to show that it was upon any conditions whatever. All we are told about it is, that the consideration for the lease was certain clearing to be done by Hardy; but it is not stated that there was any clause of forfeiture for failure to do the clearing, or for any other default. Therefore nothing appears to qualify the right of Hardy to sell his growing crops at discretion.

The judgment is affirmed with costs.

The other Justices concurred.