## HENRY W. MILLER v. CHARLES G. HAVENS.

*Conversion by landlord of crop sold by the tenant.*

A verdict and judgment enforcing a forfeiture cannot be supported by presuming anything that does not appear on the record.

Forfeiture clauses in a lease are not favored by the courts, and their effect will be restricted as far as possible; but when the lease explicitly provides that the landlord may treat it as void upon breach of condition by the tenant, his election to do so dissolves the relation between him and his tenant.

The rights of one who has bought a crop from a tenant will be protected as against a subsequent forfeiture of the lease and the landlord's re-entry.

In trover against a landlord, for seizing a crop which the tenant had previously sold in good faith to the plaintiff, the landlord cannot justify himself by producing the record of certain summary proceedings taken by himself to recover possession of the premises from the tenant, if there is nothing in them to show that the landlord had

ever claimed a forfeiture of the lease, or that the premises recovered were the same as those leased, or that the lease was in force at the time the proceedings were taken, or that the tenant had failed in any of his obligations, or that the plaintiff was in any way concerned in or had any notice of the proceedings.

Title to land cannot be put in issue or considered in summary proceedings before a circuit court commissioner to recover possession thereof.

Error to Eaton. (Hooker, J.)   June 22.—October 17.

Trover.   Plaintiff brings error.   Reversed.

*M. V. & R. A. Montgomery* for appellant.

*Sagendorph & Powers* for appellee.

Sherwood, J.   Trover for a quantity of wheat of the value of $284. Plea, general issue. One Smith went into possession of the defendant's farm on the first day of May, 1879, under a written lease for the term of four years and eleven months, paying an annual rent therefor on the first day of April in each year, subject to sale by Havens, and with the privilege of plaintiff to purchase at any time within twenty days after he should offer the same for sale, and in case defendant should decide to sell the farm, he could end the term in thirty days by giving a written notice to that effect to Smith.   The lease also contained a large number of conditions to be performed by the lessee, and also the following clause :

" If the yearly rent, or any part thereof, shall be behind or unpaid on any day whereon the same is to be paid as aforesaid, or if default be made in performance of any or either of the covenants herein contained, on the part or behalf of the party of the second part, to be paid, kept or performed, then and thenceforth it shall be lawful for the party of the first part, into and upon the demised premises, and every part thereof, wholly to re-enter, and to remove all persons therefrom, and the same to have again, repossess and enjoy as in his first and former estate."

While Smith was occupying this farm under this lease in the fall of 1881, he put in the wheat in question, and on the

twenty-third day of March, 1882, sold the same, then grow ing, to George B. Hamilton, giving him a bill of sale there of, which Hamilton duly filed in the township clerk's office, April 1, 1882, and on the same day Hamilton sold and con-veyed the wheat by bill of sale to the plaintiff.

During the months of July and August the defendant, who was fully notified of the plaintiff's claim thereto, took possession of, harvested, threshed and marketed said wheat against the objection and protest of plaintiff. The court below directed a verdict for the defendant, and plaintiff brings error. The case is before us on bill of exceptions, containing all the evidence given upon the trial, and the only error assigned is upon the exception of plaintiff's coun-sel to the instruction of the court to the jury directing them to return a verdict for the defendant.

Nothing can be presumed or intended which does not appear upon the record to support this verdict and judg-ment. On the trial the conversion of the wheat by defend-ant was conceded, and his only excuse for so doing was the presentation of a record of a suit in summary proceedings to recover possession of the farm, before a circuit court com-missioner, wherein Havens was plaintiff and said Smith de-fendant, on the tenth day of May, 1882, and in which it appears that on that day a judgment of restitution in favor of the defendant was rendered, and an execution thereon issued, on the 12th day of July, 1882, (it being 10 days before said wheat was harvested,) and on the same day posses-sion thereunder of the farm was given by the constable to Havens.

The complaint upon which the proceedings before the commissioner were based, was made by one Leonard, as agent of Havens, and simply states that Smith was then in possession of the farm, (describing it,) as tenant of Havens, and that Smith held the premises unlawfully and against the right of Havens who was entitled to the possession of the same. It does not appear in the proceedings that Smith was, at the time said proceedings were commenced, in pos-session under said lease, or under any other written lease.

And if he was in possession under this lease, it does not appear anywhere in said record that he had failed to perform any condition, covenant or agreement in said lease required on his part. Neither in the complaint, nor in any of the proceedings had before said commissioner, is there an allusion to the lease, or to any covenant, agreement or condition therein contained; and these proceedings, being the record in the case before said commissioner, consisting of the complaint, summons and the officer's return thereon, the judgment rendered by the commissioner and execution issued thereon, with the return of service of the same by the constable, were all the evidence produced by defendant at the circuit on the trial.

We have given the substance of the complaint and the charges therein contained, and the commissioner's record of his judgment merely states: "After hearing the evidence I found the defendant guilty in manner and form as alleged in said complaint." It is true, the relation of landlord and tenant will be dissolved when the tenant incurs a forfeiture of his lease by reason of some condition broken, when the landlord signifies his election to treat the lease as void in consequence, if the lease contains a provision to that effect. *Arnsby v. Woodward* 6 B. & C. 519 ; *Rede v. Farr* 6 M. & S. 121; *Reid v. Parsons* 2 Chit. 247.

The common-law doctrine of forfeiture, being founded on strict feudal principles, is now believed to be unjust in many respects, and not applicable to the present state of society, and an interpretation which creates a forfeiture is not to be favored (Tayl. Landl. & Ten. p. 421, § 489); and statutes creating penalties and forfeitures should receive a strict construction. *Hasbrook v. Paddock* 1 Barb. 635. Courts do not favor forfeitures, (*Kentucky Riv. Nav. Co. v. Com.* 13 Bush 435,) and equity will not assist the recovery of a penalty or forfeiture, or anything in the nature of a forfeiture. *Livingston v. Tompkins* 4 Johns. Ch. 415 ; *Linden v. Hepburn* 3 Sandf. 668. It has for a very long period been the policy of the law, and courts have felt it their duty in administering the law, so far as possible to

limit the effect of a clause or provision in a lease or statute by which a forfeiture is created. *Doe v. Stevens* 3 B. & Ad. 299; *Doe v. Hogg* 4 Dowl. & R. 226; *Doe v. Godwin* 4 M. & S. 265; *De Lançey v. Ganong* 9 N. Y. 9; *Doe v. Bond* 5 B. & C. 855; *Burnes v. McCubbin* 3 Kan. 221.

It nowhere appears in this record that the defendant ever declared this lease forfeited or void, nor that the premises in the complaint are those described in the lease. If' the plaintiff is to be considered as a sub-lessee of the land where the wheat grew until the crop matured, (and certainly his rights were not less,) then the law would protect him and his interests against a forfeiture afterwards incurred by the first tenant and a re-entry by the landlord. Tayl. Landl. & Ten. p. 469, § 536; *Doe v. Witherwick* 3 Bing. 11; *Bevans v. Briscoe* 4 Har. & J. 139; *Oland v. Burdwick* Cro. Eliz. 460.*

But suppose the law to be as claimed by defendant, then he could not prevail. Applying the principles of construction to the present case, we do not find it necessary to consider the legal questions presented by counsel for defendant and discussed in their brief. They do not necessarily arise in the case, and are not applicable to the facts stated in the record.

Title to the demised premises is not put in issue by the pleadings in the case before the commissioner; and if it were, it would not be considered. *Waldby v. Callendar* 8 Mich. 430; *Case v. Dean* 16 Mich. 12; *Cassidy v. Clark* 62 Ga. 412; Sedg. & Wat. on Trial of Title, p. 217, § 349. The doctrine that the tenant's assignee of a crop is not entitled to the crop assigned in case the assignor forfeits the lease, and the landlord re-enters before the crop is harvested, is based upon the fact that the landlord is the owner of the land, and that the crop is part of the land, and defendant is not shown to be such in this case. The judgment offered in evidence might have been obtained upon other grounds than a failure to perform the conditions of the lease, or, even if it was obtained upon a failure to perform some of its conditions, it could not affect the title of the plaintiff to this wheat, the purchase of which, and the

good faith in which the purchase was made, not being questioned. (For instance, suppose the defendant had purchased the plaintiff's interest in the lease upon a sale under execution against plaintiff, and after that consented to the plaintiff's putting in the wheat.) But the great difficulty with the defense is, it seeks to bind the plaintiff by presumptions sought to be drawn from a record and judgment with which he is not shown in any sense to be in privity. All the proceedings claimed to establish the defense took place some time after the plaintiff made his purchase, and there is nothing in the case showing that plaintiff had any notice whatever of such proceedings, or that they in any way concerned him. It is not contended or shown that at the time Hamilton made his purchase of the wheat, Smith, the lessee, was in default in any manner, or that he had not the right to sell and convey the wheat; and the plaintiff cannot be deprived of his interest through a legal proceeding which, upon its face, does not involve his rights, and of which he never had any notice.

As the case is presented we think the cases heretofore decided in this Court apply. *Nye v. Patterson*, 35 Mich. 413; *Dayton v. Vandoozer* 39 Mich. 749; see also *Hodgson v. Gascoigne* 5 B. & Ald. 88; *Samson v. Rose* 65 N. Y. 411; *Bevans v. Briscoe* 4 Har. & J. 139; *Kenna v. Nugent* 7 Ir. C. L. 464; *Adams v. McKesson's Ex'x* 53 Penn. St. 81.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.