## DARWIN H. CARNEY v. ORRIN B. MOSHER ET AL.

*Fraud—Question for jury—Landlord and tenant—Sale of growing crop—Statute of frauds—Parol lease—Tenancy at will.*

1. Where the alleged fraudulent intent of a vendor is not admitted, nor deducible from conceded facts, the question of its existence is one of fact for the jury, under How. Stat. § 6206.

2. Where a tenant, while in possession of land under a lease which gives him the right to reap as well as to sow a crop of wheat, sells the crop before default or forfeiture, his subsequent default will not defeat the title of the vendee; citing *Nye v. Patterson*, 35 Mich. 413; *Dayton v. Vandoozer*, 39 Id. 749; *Miller v. Havens*, 51 Id. 482.

3. The right to enter and reap a crop of wheat after the expiration of a parol lease of land is an interest in land.

4. A parol lease of land for one year, coupled with a verbal agreement that the tenant may sow the land to wheat, will not give him the right to *re-enter* after the expiration of the year, and harvest the wheat.

Error. to Hillsdale. (Lane, J.) Argued June 15, 1893. Decided November 24, 1893.

Trover. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*George A. Knickerbocker* and *William C. Chadwick*, for appellant.

*St. John & Lyon,* for defendants.

MONTGOMERY, J. The plaintiff brought trover for wheat grown upon land owned by defendant Orrin B. Mosher. The wheat was sown by Alvah L. Mosher while occupying the land as the tenant of Orrin B. The wheat was harvested by defendant Mosher, and sold to defendant Henry S. Walworth, who, it is claimed, had notice of plaintiff's

rights. Prior to the spring of 1890, Alvah L. Mosher had occupied the land under a written lease, and in the spring of that year renewed his lease for one year by oral agreement. The testimony of plaintiff shows that on the occasion of the verbal letting Alvah refused to pay the rent previously reserved unless he should have the privilege of putting the land all into wheat, and it was agreed that he might do so. He proceeded to sow the land to wheat, and in January, 1891, sold the growing crop to plaintiff. Soon thereafter Alvah surrendered possession to Orrin B., who proceeded to reap the crop, after notice of plaintiff's purchase. The circuit judge directed a verdict for defendants on the ground that the lease was oral, and that the implied provision that the lessee should have the right to reap the crop of wheat was void under the statute of frauds.

The defendants contend that this holding should be sustained; and, further, as it appears that the rent was not paid during the year, nor since, that the lessee had no right to the crop, and that a purchaser would have no greater right than he; and, further, that if it be conceded that the purchaser of the crop of a tenant would not, in general, be affected by a subsequent default of the tenant, the present case is an exception to the rule, for the reason, as it is contended, that the transfer from Alvah L. Mosher to plaintiff was for the purpose of defrauding the defendant Orrin B. out of the rent. It is, however, a sufficient answer to this last contention that the fraud is not admitted, nor to be deduced as a legal consequence from conceded facts. It would therefore be a question for the jury, by the express terms of the statute. Section 6206, How. Stat.

If it be assumed that the tenant was in possession by right, under a lease which gave him the right to reap the crop as well as to sow, it follows that inasmuch as he sold the crop before any default on his part, so far as appears,

and certainly before forfeiture, the purchaser from him obtained a title which could not be defeated by the lessee's subsequent default. This is the rule established in this State by *Nye v. Patterson,* 35 Mich. 413, and *Miller v. Havens,* 51 Id. 482. See, also, *Dayton v. Vandoozer,* 39 Mich. 749. The question for our determination, therefore, is the one upon which the case was decided below, namely, did the parol lease for one year, with the agreement that the tenant might sow the land to wheat, give him a right to enter after the expiration of his lease, and reap the crop? On the part of the defendants, it is contended that the right claimed is in the nature of an interest in land, and that to sustain the right to reap the crop would be, in effect, to extend the lease into the second year, and that said contract is therefore void under the statute of frauds. On the other hand, it is contended that the lease terminated, according to its terms, at the end of one year, and that the right to enter in and reap the crop is one growing out of the nature of the previous lease, which has expired. It is very evident that, whatever the right to enter and reap the crop be called, it was a right which could not be exercised within one year. We think it is equally evident that it was an interest in land. The exclusive use of the land was required during three months after the end of a year from the letting, before the crop would ripen. That this was a burden upon the estate in the land is too plain for argument. It was held to be an interest in the land in *Reeder v. Sayre,* 70 N. Y. 183.

In the present case, the lessee was in possession at the time of entering into the contract, and continued in possession under the void lease. This constituted him a tenant at will, under our holdings. See *Huyser v. Chase,* 13 Mich. 98. The tenancy could be terminated by either party on three months' notice to quit. The tenant did not wait for this, but left the premises in January or

February, 1891. He paid no rent. The owner thereupon took possession, as he had a right to do, and as he could, but for the lessee's peaceable surrender, have done by a notice to quit.

If it be suggested that, treating the lease as void under the statute of frauds, the tenant should, because of his previous relations, be treated as a tenant from year to year, he stands in no better situation, for the year would be terminated, under such holding, April 14, 1891, giving the owner the right to possession thereafter, and the right to reap the crops.

The judgment will be affirmed, with costs.

The other Justices concurred.