BARLUM v. BERGER.

1. LANDLORD AND TENANT—VERBAL LEASE—STATUTE OF FRAUDS
   —FULL PERFORMANCE—HOLDING OVER.
   Where a tenant, after the expiration of five years, for which
   the premises had been verbally leased, the rent being payable
   monthly, held over, and the landlord accepted rent, the ten-
   ancy was from month to month, since, the contract of leasing
   having been performed, it could not be regarded as a void
   one, creating a tenancy from year to year.

2. SAME—NOTICE TO QUIT.
   Under 3 Comp. Laws 1897, § 9257, declaring the time of notice
   to terminate a tenancy at will to be sufficient if equal to
   the interval between the times of payment of rent, where
   payments were monthly, and notice was given July 10th,
   and proceedings for recovery of possession commenced
   August 10th, the notice was sufficient.

Error to Wayne; Carpenter, J. Submitted October 4,
1900. Decided January 29, 1901.

Summary proceedings by John J. Barlum and William
B. Thompson, copartners as Barlum & Thompson,
against Simon Berger, to recover the possession of leased
premises. From a judgment for plaintiffs, defendant
brings error. Affirmed.

*Sloman & Groesbeck*, for appellant.

*William S. Sheeran*, for appellees.

LONG, J. This case was tried before the court without
a jury. Defendant filed a request for special findings,
which the court made. Defendant also filed a request
after the findings were made to amend the findings of fact
and law. This was refused, and counsel then filed excep-
tions thereto.

The court found that prior to the 1st day of June, 1894;

a verbal agreement was made between the parties to this suit by which the defendant leased of plaintiffs the property in controversy for five years from June 1, 1894; that the terms of the tenancy required him to pay $15 per month rental, and also to pay in advance the sum of $150, which was to be additional rent for the entire five years; that early in the month of June, 1899, and after the expiration of the lease, the plaintiffs served upon the defendant a notice requiring him to vacate; that on the 6th day of June proceedings to obtain possession of such property were instituted by the plaintiffs against the defendant before a circuit court commissioner. Complaint having been made, a summons was served, returnable June 10th. These proceedings were discontinued by the plaintiffs because the defendant promised them he would surrender possession of the property in question, and accept in lieu the stall next adjoining. That later defendant notified plaintiffs' janitor that he would not vacate, and another notice was served on him the 10th day of July; that plaintiffs accepted from defendant rent during the months of June and July, and instituted these proceedings on the 10th day of August, 1899. As a conclusion from the foregoing facts, the court found that there was no intention on the part of the plaintiffs to permit the defendant to continue to occupy the premises in question after the 10th day of August; that defendant did not suppose there was any such intention; that plaintiffs were entitled to a judgment in the case.

The defendant requested the court to amend his findings of fact and law as follows:

"1. Under the testimony of the case, it does not appear by a fair preponderance of evidence that there was any agreement on the part of the defendant to vacate the premises in June, 1899.

"2. The acceptance of rent by the plaintiffs from defendant, and defendant's continued possession, after June 1, 1899, operate as a renewal of the lease to the defendant, and he consequently continued to be a tenant from year to year, the same as he had been under the original arrangement.

"3. It appears that the notice to quit was given by the plaintiffs to defendant on June 10, 1899. The rent was payable June 1, 1899, and each month thereafter. Consequently the notice of June 10th would not operate as a valid or binding notice to quit until September 1, 1900."

The defendant also requested the court to find in his conclusions of law, from the above facts, as follows:

"1. That the plaintiffs have no cause of complaint; that these proceedings were wrongfully instituted, as they were not entitled to possession of the premises at the time of making complaint before the commissioner.

"2. That, under the facts, the tenancy was one from year to year, and could not be terminated except by a year's notice."

These findings were refused, and defendant excepted to such refusal.

This was not a tenancy from year to year. It was a tenancy continuing five years from June 1, 1894, and terminating June 1, 1899. While the agreement was not in writing, yet it was fully performed by the parties, and therefore cannot now be treated as a void lease. The rent was payable monthly, and the contract of leasing cannot be treated, after the expiration of five years, in any other manner than as a tenancy or lease from month to month.

3 Comp. Laws 1897, § 9257, provides: "The time of such notice shall be sufficient if it be equal to the interval between the times of payment." The only question, therefore, is whether sufficient notice was given for the termination of the lease. The court found that the notice to quit had been given defendant sometime in the early part of June, but that proceedings under that notice were discontinued. That notice shows, at least, that the plaintiffs were no longer willing that the tenancy should continue. Another notice was served on July 10th. This notice is dated July 10, 1899, and reads:

"S. BERGER.

"*Dear Sir:* We hereby notify you to vacate stall No. 20, now occupied by you in the Central Vegetable and Fish Market.

[Signed]    "BARLUM & THOMPSON."

These proceedings were commenced August 10th. The question is whether there is sufficient time intervening between the service of notice and the commencement of proceedings before the commissioner. Is it equal to the interval between times of payment? The times of payment were from month to month. It is therefore apparent that from the 10th of July to the 10th of August the time is equal to such interval.

We think no other questions need be discussed in the case. The judgment must be affirmed.

The other Justices concurred.