MARKS v. CORLISS' ESTATE.

1. HUSBAND AND WIFE—ESTATES BY ENTIRETIES—LANDLORD AND
   TENANT—LEASE SIGNED BY HUSBAND ALONE.
   Lease of land owned by husband and wife by entireties, signed
   by husband alone, is valid during his lifetime, but it terminates
   at his death.

2. LANDLORD AND TENANT—HOLDING OVER—NATURE OF TENANCY.
   Where one has lease for years with annual rent reserved, and
   holds over after expiration of term with acquiescence of land-
   lord, tenancy is from year to year on conditions of lease,
   although rent is payable in monthly instalments; but where
   rent reserved is monthly, holding over is from month to
   month unless lease otherwise provides.

3. SAME—TENANCY BY SUFFERANCE.
   Where lease terminates by substitution of landlord not bound by
   lease, tenant continues in possession by sufferance.

4. SAME—TENANCY AT WILL—NOTICE—TERMINATION.
   Unless parties make different agreement, payment and acceptance
   of rent does no more than change tenancy by sufferance to one
   at will or from month to month, and if rent is payable
   monthly it may be terminated on month's notice (3 Comp.
   Laws 1929, § 13492).

5. SAME—TERMINATION—SUBSTITUTION OF LANDLORD—HOLDING OVER.
   Where lease of land owned by entireties was terminated by
   death of husband because signed by him alone, and no agree-
   ment between wife and tenant was made, latter's tenancy
   was from month to month, and was subject to termination
   by month's notice (3 Comp. Laws 1929, § 13492).

6. SAME—TERMINATION BY NOTICE—EXECUTORS AND ADMINISTRATORS.
   Where tenancy was terminated by notice, claim against tenant's
   estate for rent for period subsequent to time termination
   became effective was properly disallowed.

Appeal from Wayne; Houghton (Samuel J.), J., presiding. Submitted October 28, 1931. (Docket No. 53, Calendar No. 35,816.) Decided January 4, 1932.

Sadie S. Marks presented her claim against the estate of John B. Corliss in the probate court for rent under a lease. Claim disallowed by commissioners on claims. Plaintiff appealed to the circuit court. Judgment for defendant. Plaintiff appeals. Affirmed.

*William T. Kelly* and *Monaghan, Crowley, Reilley & Kellogg (Edward T. Kelley,* of counsel), for plaintiff.

*Corliss, Leete & Moody,* for defendant.

FEAD, J. Plaintiff and her husband had title by the entireties to a parcel of land in Detroit, on which was a warehouse. Mr. Marks, without his wife signing, executed to Reliable Stores Corporation a five-year lease, expiring September 30, 1930, at monthly rental payable on the first day of each month in advance. The lease was transferred to and assumed by John B. Corliss, who died December 24, 1929.

Mr. Marks died November 1, 1929. November 9th, Corliss sent a check for the November rent, due November 1st, drawn to Mr. Marks. Plaintiff indorsed her husband's name on the check and cashed it. There was no evidence that Corliss knew Marks was dead.

December 6th, Corliss gave plaintiff a check to cover December rent to that day, handed her the keys and a letter stating that he terminated the lease because the city had condemned the building and the lease provided for termination in such case. As a

matter of fact, the city had merely ordered the building repaired, a different thing from condemnation.

Plaintiff had the repairs made and gave notice to Corliss' attorneys March 27th. She presented a claim to his estate for rent to the expiration date of the lease, later amending it to exclude the repair period from December 6th to March 17th. The claim was disallowed in both probate and circuit courts.

Plaintiff's contention is that Corliss held over as a tenant from year to year. There was no agreement between plaintiff and Corliss that the lease should continue. At most, the testimony shows only that each thought it was in force but, at least until March 27th, neither gave evidence that he was bound for any definite term.

Counsel agree that the lease by Mr. Marks was valid during his lifetime (*Way* v. *Root,* 174 Mich. 418), and that it terminated at his death (*Torrey* v. *Torrey,* 14 N. Y. 430).

Where one has a lease for years, with annual rent reserved, and holds over after the expiration of the term with the acquiescence of the landlord, the tenancy is from year to year on the conditions of the lease, although the annual rent is payable in monthly instalments (*Laughran* v. *Smith,* 75 N. Y. 205; *Faraci* v. *Fassulo,* 212 Mich. 216), but where the rent reserved is monthly, the holding over is from month to month unless the lease otherwise provides (*Barlum* v. *Berger,* 125 Mich. 504).

Where the lease terminates by the substitution of a landlord not bound by the lease, the tenant continues in possession by sufferance. *Harrington* v. *Sheldon,* 196 Mich. 388; *Felt* v. *Methodist Educational Advance,* 251 Mich. 512. Unless the parties make a different agreement, the payment and acceptance of rent does no more than change the ten-

ancy to one at will or from month to month (*Huyser* v. *Chase,* 13 Mich. 98, distinguished in *Schneider* v. *Lord,* 62 Mich. 141); and if the rent is payable monthly it may be terminated upon a month's notice (3 Comp. Laws 1929, § 13492).

It is immaterial whether this lease be considered as a holding over from month to month or a tenancy by sufferance, or at will, because it was terminated by the notice of December 6th, and plaintiff's claim does not include rent for the period until after the termination became effective. This renders it unnecessary to determine whether Corliss would have been justified in terminating the tenancy under the conditions of the lease.

Judgment affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.