### MARLIN COAN v. WILLIAM MOLE.

*Statute of Frauds—Landlord and tenant—Replevin.*

Where land. has been occupied on shares, a verbal agreement that the tenant should have it three years more on shares, although within the Statute of Frauds, will support a holding from yea to year until ended by notice.

Replevin will not lie for property held in connection with a tenancy on shares running from year to year and terminable only by notice, so long as the year has not expired and notice has not been given.

Error to Wayne. Submitted Oct. 11. Decided Oct. 29.

REPLEVIN. Plaintiff brings error.

*Henry M. Cheever* for plaintiff in error.

*Hawley & Firnane* for defendant in error. Occupancy during three years under a verbal lease for that time creates a tenancy from year to year, 1 Washb. R. P., 531; Taylor L. & T. (5th ed.), § 56; *M'Dowell v. Simpson*, 3 Watts, 129; *Usher v. Moss*, 50 Miss., 208; *Gardner v. County Commissioners*, 21 Minn., 33.

GRAVES, J. Coan brought replevin for several animals, various farm products and other chattels, and under the judge's rulings the jury found for defendant.

It appears that Mole for a long series of years prior to the fall of 1874 had occupied Coan's farm, and part of the time under arrangements for carrying it on upon shares; that whilst he was still occupying, and in that fall, it was verbally agreed between the parties that Mole should have the place three years more on shares. Coan furnished certain stock, and whatever stock was provided was to be fed on the common produce. The parties were to share equally in the products and in the increase of the stock, and whatever was to be turned off was to be divided in the cash returns. Of the property taken on the writ, part was admitted to be subject to this arrangement. The rest was claimed by Coan, but Mole disputed his right to it. He claimed that part of this portion belonged to him individually, and that his wife owned the residue of it.

Coan testified that this agreement for carrying on the place upon shares was made October 31st, 1874, and terminated October 31st, 1877.

Mole swore the agreement was entered into November 28th, 1874, and was to run for three years and until November 28th, 1877. There was no other testimony about it. The disputed time was four weeks, and in this interval the suit was commenced. Mole remained in possession until after the 28th of November.

Assuming that the agreement for want of writing was not good for a three years' holding under the Statute of Frauds, still it was sufficient to uphold one from year to year until terminated by notice (*Morrill v. Mackman*, 24 Mich., 279) and there is no pretense that Mole was asked to surrender by the time he specified for the year to end, namely, November 28.

Coan testified that he demanded the property seized on the first day of November and also some ten days or two weeks before, and he made proof by another witness of the demand on the first of November. But the record is silent as to any notice to terminate the holding of the premises, and there is no intimation that any

request for their surrender was made on either of these occasions or at any time.

That portion of the property in controversy which Mole held under the arrangement for working the place he had a right to hold while the arrangement continued, and whatever common or concurrent right Coan may have had, he was not entitled to dispossess Mole through the action of replevin. Hence if Mole was correct in the statement that the holding was to terminate on the 28th of November, the seizure of this property in replevin was premature. On turning to the charge it appears that the judge submitted the specific point to the jury, and it is evident they must have found that Mole's version was correct, and that the term continued until November 28th.

The ownership of the remaining property was disputed. The question was not one of mere possession or right of possession. It was one of title simply, and this was submitted and the finding was adverse.

In view of the nature of these questions, and the mode in which they were dealt with and the final result, it would seem that Coan had no right to demand any recovery, and that the other points agitated in the briefs of counsel, however interesting in themselves, are quite immaterial here.

The judgment should be affirmed with costs.

The other Justices concurred.