MARY SCHNEIDER v. ADMIRAL A. LORD.

*Tenancy from year to year—Arises where tenant holds over after expiration of year—And landlord accepts rent at same rate as formerly paid— Without any new agreement for such continued occupancy—Huyser v. Chase, 13 Mich. 98, distinguished from case at bar—Not intended in that case to make any innovations upon the law as above stated.*

1. Where a tenant leased a house and lot by verbal agreement for one year, at a monthly rental, coupled with an agreement for a second year's occupancy at an increased rent, and at the expiration of the first year refused to pay the increased rent and remained in possession for several months, paying at the old rate,—

   *Held,* that the holding over and acceptance of rent continued it as a tenancy from year to year, and that the fact that rent was payable monthly did not change the nature of the tenancy.

2. It was not intended in *Huyser v. Chase,* 13 Mich. 98, to make any innovations upon the law, and it has been held in this State that yearly holdings continue as tenancies from year to year. *Morrill v. Mackman,* 24 Mich. 279; *Coan v. Mole,* 39 Id. 454; *Judd v. Fairs,* 53 Id. 518.

Error to Kent. (Montgomery, J.) Argued June 17, 1886. Decided June 24, 1886.

Summary proceedings to oust tenant. Defendant brings error. Reversed, and judgment for defendant, with costs of all the courts. The facts are stated in the opinion.

*D. E. Corbitt,* for appellant.

*Taylor & McBride,* for plaintiff.

CAMPBELL, C. J. Plaintiff, by her husband as her agent, rented a house and lot in Grand Rapids to defendant, by unwritten lease, under which it was contemplated there should be a two-years occupation from the beginning of January, 1884. On April 23, 1885, she gave defendant notice to quit on the tenth of May, 1885. Subsequently rent was paid which would go to June 10, that being the end of a month of occupation. On the eleventh of June this proceeding was begun before a commissioner to oust defendant, and

resulted in favor of plaintiff, who recovered in the circuit court. Defendant brings the case here.

The case was decided on the ground that the tenancy was at will, from month to month, and ended, by a month's notice, before June 10, 1885.

.The facts show, beyond dispute, a verbal agreement for one year, at $10 a month, and for a second year at $11; absolutely, according to Mr. Schneider, and conditionally on certain repairs and betterments, according to defendant. The court below found a refusal, in January, 1885, to pay $11, which could only have been on defendant's testimony, as Schneider does not testify to any dispute about rent then, but swears, as defendant does, that rent was paid right along, at $10, until June 10. Plaintiff refused to accept rent further.

We think that defendant is right in claiming this was a tenancy from year to year, and not a monthly tenancy at will. The case of *Huyser v. Chase*, 13 Mich. 98, is not authority for the contrary doctrine. There the parties had agreed verbally to make a written lease for 21 months, and, after going into possession, the lessees refused to accept a written lease, and no other contract was made. It was therefore manifestly an indefinite holding, and the proceeding to oust the tenant was made within the year.

In the present case there was a verbal agreement for the first year, distinct from the proposed one in the second year in its terms of rent, and it was actually carried out in full, and fully paid up. The fact that rent was payable monthly did not any less make it a contemplated yearly holding. This being so, we think the holding over and acceptance of rent continued it as a tenancy from year to year, and not from month to month. It was not intended in *Huyser v. Chase* to make any innovations upon the law, and it has been held in this State that yearly holdings continue as tenancies from year to year: *Morrill v. Mackman*, 24 Mich. 279; *Coan v. Mole*, 39 Id. 454; *Judd v. Fairs*, 53 Id. 518.

We are of opinion that the facts found show no right of

recovery. We also think that the finding that there was no new arrangement is not supported by the evidence. It is expressly found there was a refusal to pay $11 a month. Defendant swears, and is not contradicted, that thereupon $10 was agreed on for the year. All parties agree that $10 a month was thereafter regularly paid, and accepted without protest. It seems to us this made out the new agreement as defendant claimed it. But as a tenancy from year to year not forfeited, it is perhaps not very important.

The judgment must be reversed, and judgment entered for defendant, with costs of all the courts.

The other Justices concurred.