BARRETT *v.* COX.

112 220
d122 85

112 220
s70NW 446
132 4656
112 220
142 4 23

1. HOMESTEAD—VALIDITY OF LEASE—WIFE'S SIGNATURE.
   A lease of a homestead, the title to which is in the husband, is valid if signed by both husband and wife, although the husband only is named in the body of the instrument.

2. TRIAL—OMISSION TO SHOW MATERIAL FACT—HOW CURED.
   Plaintiff's omission to establish, by his evidence, certain facts material to his case, will not affect his right to recover, if the elements lacking are supplied by the evidence of the defendant.

3. SUMMARY PROCEEDINGS—QUESTION OF TITLE—JURISDICTION.
   A circuit court commissioner is not ousted of jurisdiction of a summary proceeding to recover possession of real estate by defendant's mere assertion that the title to the land is in question.

4. LANDLORD AND TENANT—PAROL LEASE—STATUTE OF FRAUDS—TENANCY AT WILL.
   A tenant whose possession is based upon a parol lease for an indefinite term is, in the absence of a reservation of rent due at stated intervals, or of other circumstances from which an intention to create a tenancy from year to year may fairly be inferred, a tenant at will. So *held* where a life tenant verbally leased the premises for the full term of his life, in consideration of an agreement for his support.

Error to Eaton; Smith, J. Submitted January 12, 1897. Decided March 17, 1897.

Summary proceedings by Frank Barrett against Walter Cox and Elzada E. Cox to recover the possession of land. From a judgment for defendants, complainant brings error. Reversed.

*Lyman H. McCall*, for appellant.

*John M. Corbin*, for appellees.

MONTGOMERY, J. This was a summary proceeding, brought before a circuit court commissioner, to recover possession of a house and lot. The case was tried before the circuit judge, without a jury, and there was a special finding of facts, from which the following material facts are deduced: Prior to August 31, 1888, the lot in question had been conveyed to defendant Elzada E. Cox, by one Francis L. Nichols. Nichols and defendants had jointly improved the same, and Nichols had made his home at defendants' for a year or two prior to that time. On August 31st, Mrs. Cox conveyed the land to Nichols, at his request, and, at about the same date, Nichols conveyed it to the defendant Walter Cox. On the same date that this deed was made, a life lease was drawn up between Walter Cox and Nichols, which was signed by both defendants, and acknowledged before a notary public, although the name of Elzada E. Cox did not appear in the body of the instrument. On the same occasion, a verbal agreement was made between Cox and Nichols, by which it was agreed that Walter Cox should keep the premises in good repair, and keep the buildings insured against damage by fire; that the two defendants were to occupy the premises and furnish a home for Nichols during his lifetime, care for him in sickness, and do his washing and mending, and allow him the use of two certain rooms whenever he made his home there, and Nichols was to pay Cox and his wife six dollars per week for the time he stayed there. In pursuance of this arrangement, Nichols remained there with them for about a year, but has never paid anything for the use of the same. Nichols is a man now about 91 years of age. The defendants Cox have continued to occupy the premises, which are worth not to exceed $1,000, and have paid taxes upon the premises, and kept the buildings insured. They are willing to carry out the arrangement entered into between the parties for the care of Mr. Nichols. The complainant has derived the title conveyed to Nichols under the life lease, by proper conveyances. On June 25, 1895, a notice

to quit was served on the defendants, and this suit was instituted on November 7, 1895. The circuit judge found, as a conclusion of law, that complainant is not entitled to the possession of the premises, and entered judgment for defendants. The grounds upon which he proceeded are not stated in the findings.

It is suggested that, as the name of Elzada E. Cox did not appear in the body of the lease to Nichols, the same does not operate as a conveyance of her homestead right. As appears from the above statement, the title to this land was in the defendant Walter Cox, who was the proper person to be named as lessor in the instrument. The rights of the wife under the Constitution (article 16, § 2), as well as under the homestead statute (2 How. Stat. § 7722), cannot be barred except the signature of the wife be attached to the mortgage or other alienation of such land by the owner thereof. In this case the signature was attached, and we think this is a sufficient compliance with the statute.

It is next said, in support of the ruling below, that complainant made his case by showing the possession of defendants, and title in himself, and that there was no showing of any relation of tenancy when the complainant rested his case. But the defendants did not see fit to rest their case upon the complainant's showing, and, if they had done so, further proof might have been admitted, in the discretion of the trial judge; and as, upon the whole case, it did appear just what the relations of the parties to the agreement were, this objection is without force.

It is also suggested that title to land came in question. But the mere fact that there was an assertion that title to land was in question did not oust the court of jurisdiction. See *Butler* v. *Bertrand*, 97 Mich. 59.

The principal contention is that the defendants became, by the oral arrangement, tenants from year to year, and that sufficient notice to terminate the tenancy was not given before the proceedings were instituted; and this is the question upon which the case must turn. The statute

(2 How. Stat. § 6179) provides, in effect, that interests in land, other than leases for less than one year, shall not be valid unless in writing.  It was held in *Huyser* v. *Chase,* 13 Mich. 98, that, under a verbal lease for 21 months, the lessee, entering into possession of the premises, and pay-ing rent monthly in advance, became a tenant at will. It was said by MARTIN, C. J. :

"The contemplated contract for a leasing for 21 months was never reduced to writing, and was there-fore void, under the statute of frauds.  The entry of the plaintiffs was, consequently, under no lawful agreement for any specific term; and the consent of Chase to the occu-pancy, and the acceptance of rent by him, establishes nothing but that such occupancy was at his will.  No term was fixed, and no rent agreed upon for any term. The acceptance of a payment of rent monthly proves nothing, in the absence of a specific agreement that the tenancy should be from month to month, or for a specified time.  It only shows that the occupancy was permitted at the landlord's will."

In *Coan* v. *Mole,* 39 Mich. 454, and in *Morrill* v. *Mackman,* 24 Mich. 279 (9 Am. Rep. 124), it was held, in accordance with the doctrine elsewhere, that although a lease is void under the statute of frauds, if it is for a term of years, thus evidencing an intent of an annual renting, it is to be held good as a lease from year to year. The same holding was reiterated in *Schneider* v. *Lord,* 62 Mich. 141, in which case it was said:

"The case of *Huyser* v. *Chase,* 13 Mich. 98, is not authority for the contrary doctrine.  There the parties had agreed verbally to make a written lease for 21 months, and, after going into possession, the lessees refused to accept a written lease, and no other contract was made.  It was therefore, manifestly, an indefinite holding."

And, of the case under consideration, the court further said:

"The fact that the rent was payable monthly did not any less make it a contemplated yearly holding.  This

being so, we think, the holding over and acceptance of rent continued it as a tenancy from year to year, and not from month to month."

It will be noted that it appears in the statement of facts in that case that it was contemplated that there should be a two-years occupancy from the beginning of January, 1884.

This subject was again fully reviewed by Mr. Justice CHAMPLIN, in *Huntington* v. *Parkhurst*, 87 Mich. 38 (24 Am. St. Rep. 146), in which there was an oral lease of a store building for one year, with the privilege of three or five years, for a yearly rental of $500, payable monthly. This was held to be a tenancy from year to year. Stress is laid upon the fact that there was to be a holding, at all events, for one year, and with an additional term, depending upon the election of the lessee.

But in the present case the oral lease being void, there was no definite term of occupancy fixed by the contract. Neither was there a reservation of annual rent, or rent payable at any stated intervals. Under these circumstances, we think a tenancy from year to year cannot be said to have been created. In *Laughran* v. *Smith*, 75 N. Y. 205, it was said that—

"Although a parol lease for more than a year is void, yet it has long been settled that, when the tenant enters and occupies, the agreement regulates the terms on which the tenancy subsists, in all respects, except as to the duration of the term. It is a reasonable inference in such case, from the circumstances, that the parties intended a tenancy on the terms of the original agreement, and the law implies a new contract between the parties corresponding therewith, so far as it is not in conflict with the statute."

But it cannot be said in this case that the parties contemplated the occupancy of the premises for a definite period, as a year. The right to occupancy might be terminated within a year, if the parol contract were valid, or would extend indefinitely, during the life of the lessor.

We think, in such case, that it would be doing violence to the facts to hold that the parties in occupancy under such a void lease intended to create a tenancy from year to year.

The case of *Richardson* v. *Langridge*, 4 Taunt. 128, is a leading case upon the subject. In that case it appeared that defendant had taken a lease of a close of land, and built a shed thereon, in August, 1810, and let the same, by parol, to plaintiff, upon an agreement, without any reference to time, that the plaintiff should convert it into a stable, and that defendant should have all the dung made by the horses. The question was whether this created a tenancy from year to year in favor of plaintiff. It was contended by the plaintiff that there was no such thing at this date as a tenancy at will, but this proposition was denied. It was said by Chambre, J.:

"The taking of the dung by the landlord gave the tenant no term in the premises. Surely, the distinction has been a thousand times taken. A mere general letting is a letting at will. If the lessor accept a yearly rent, or rent measured by aliquot parts of a year, the courts have said that is evidence of a taking for a year."

This case is referred to by Parke, B., in *Braythwayte* v. *Hitchcock*, 10 Mees. & W. 497, as having laid down the law correctly that a simple permission to occupy creates a tenancy at will, unless there are circumstances which show an intention to create a tenancy from year to year, as, for instance, an agreement to pay rent by the quarter or some other aliquot part of a year. See Tayl. Landl. & Ten. §§ 55, 59; *Williams* v. *Deriar*, 31 Mo. 13; 12 Am. & Eng. Enc. Law, 675.

Defendants' counsel cites the case of *Ganson* v. *Baldwin*, 93 Mich. 217, as holding a contrary doctrine. The language employed in the case, referring to the agreement, is that "the agreement testified to by complainant was good for a year, and, while acquiesced in by her, the defendant must be considered as holding from

112 MICH.—15.

year to year," and appears to have been based upon *Schneider* v. *Lord*, 62 Mich. 141, and *Huntington* v. *Parkhurst*, 87 Mich. 38 (24 Am. St. Rep. 146). It is clear from an examination of the case that this holding was unnecessary to a determination of the case. The language was *dictum*, and, we think, is not in harmony with the authorities in this State or the preponderating authority elsewhere.

The defendants not having an estate from year to year, but being tenants at will, it follows that the notice to quit was sufficient; and, this being so, the complainant is entitled to recover.

The judgment of the court below will be reversed, and judgment entered in this court for complainant.

The other Justices concurred.