RICE *v.* ATKINSON, DEACON, ELLIOTT CO.

LANDLORD AND TENANT—TENANT HOLDING OVER AFTER EXPIRATION OF DEFINITE TERM NOT ENTITLED TO NOTICE TO QUIT.

Where a tenant under a lease for a year or years holds over, the law implies a contract on his part to renew the tenancy on the same terms for another year, at the expiration of which period the landlord is entitled to possession without giving any notice to quit; the one

On the question as to whether each holding over by a tenant after expiration of a term for years constitute a new and separate term, distinct from that which preceded or followed, see note in 25 L. R. A. (N. S.) 847.

year's notice to quit required by 3 Comp. Laws 1915, §
11812, applying to cases of common law tenancies from
year to year for indefinite terms. Moore and Wiest, JJ.,
dissenting.

Appeal from Wayne; Goff (John H.), J. Submitted
January 12, 1921. (Docket No. 131.) Decided July
20, 1921.

Bill by William E. Rice against the Atkinson, Dea-
con, Elliott Company to enjoin an interference with
plaintiff's tenancy under a lease. From a decree for
plaintiff, defendant appeals. Reversed, and bill dis-
missed.

*Miller, Canfield, Paddock & Perry,* for plaintiff.

*Goodenough, Voorhies, Long & Ryan,* for defendant.

Fellows, J. I am unable to agree with the result
reached by my Brother Moore in this case. While a
tenant paying an annual rental who holds over after
his term has expired with the acquiescence of his land-
lord is frequently called a tenant from year to year,
I am persuaded that such tenancy does not possess
all the attributes of one from year to year. Where
there is no express agreement for a renewal of an
annual lease and the tenant remains in possession
after the term has expired the landlord may treat
him as a trespasser or may acquiesce in his continu-
ing in possession and in the latter event the law pre-
sumes that the tenant holds for another year sub-
ject to the terms of the previous lease. It is a cove-
nant either express or implied of all leases for a definite
period that the tenant at the expiration of his lease
will yield and deliver up the possession of the premises
to the landlord. Both parties know when the lease,
either original or renewal, will expire. Under such

circumstances, in my judgment no notice is necessary to terminate such a tenancy.   The question, however, is one of authorities and to them I shall now call attention, first considering the text-writers.

The rule laid down in Cyc., as quoted by my Brother and as more fully quoted from in *Faraci* v. *Fassulo,* 212 Mich. 216, is no doubt in accordance with the weight of authority, but the author of the article on Landlord and Tenant in Cyc. was not there considering the question of necessity of notice.   Later in the article he had occasion to consider that question.   I quote from what he says on this subject (24 Cyc. p. 1381) :

"In some cases a distinction seems to have been made between those tenancies from year to year arising from leases for indefinite terms, and those arising from a holding over by the tenant after the expiration of a lease for a specified term.   Thus it has been held that a tenant who occupies demised premises for several years after the termination of his lease creates each year a new term expiring at the close of the current year, and requiring no notice for its determination."

In 1 McAdam on Landlord and Tenant (3d Ed.), p. 604, it is said:

"A tenancy may bear the name, 'tenancy from year to year' for one purpose and not for another.   Where a tenant for a year, or for one or more years, holds over after the expiration of his term, without any express agreement, but with the assent of his landlord, the law implies that he holds the premises upon the former terms for another year.   Hence he may be turned out of possession summarily, without any previous notice at the end of any year he so holds over, because his term, that the law fixes for him then expires, and he knows without notice, that he cannot continue in possession longer, unless he has permission from his landlord.   No notice to quit is necessary in such a case."

2 Taylor on Landlord and Tenant (9th Ed.), p. 52, without qualifications, thus announces the rule:

"When a tenant for a year, or any other ascertained period, holds over without permission, no notice is of course necessary, since, without some fresh agreement, express or implied, the tenancy by its own terms is at an end."

While Mr. Underhill (1 Underhill on Landlord and Tenant, p. 157) treats of the subject more at length and says:

"A distinction has been made by the authorities as to the necessity for a notice to quit between that class of cases where the tenancy is of an indefinite duration or for an indefinite number of years as was the universal character of these tenancies from year to year in their original condition; and the class of tenancies from year to year which arises when a tenant holds over with the consent of his landlord after the expiration of a definite term. In the former class of cases, and particularly where the premises consisted of agricultural land, a six months' notice to quit was required from the landlord because of the fact that the tenant from year to year could not otherwise know at any time during the existence of his holding when his landlord might determine it. In theory a tenant from year to year under an indeterminate lease has in each current year a growing interest in the year next ensuing, which cannot be arbitrarily destroyed by his landlord without notice to quit. Where, however, a tenant holds over after the expiration of a definite term, and by so doing creates a tenancy from year to year, no year of the tenancy thus created by holding over arises out of or is connected with the year which precedes it but each year of the holding over creates a new and separate contract for a year between the parties which, being for a fixed and definite period may, according to the rule, be terminated without notice. The assent of both parties to the original lease is necessary to create the new lease from year to year by holding over. This assent on the part of the tenant is usually implied from

the fact of his remaining in possession and paying rent after his term has expired. . His action in vacating the premises and not electing to hold over is so clear a manifestation of his intention not to create a new yearly tenancy that no other notice on his part is required. And though by remaining in possession the tenant is presumed to offer to take the premises for another year, the landlord is not bound to accept the offer, and unless he does so by accepting rent or otherwise, the tenancy is terminated and notice to quit is not required to be given by him."

And Ruling Case Law (16 R. C. L. p. 1167) thus points out the difference in the rule as to notice of a tenancy from year to year at common law, and a tenancy from year to year by holding over:

"In case of the common-law tenancy from year to year, it is generally recognized that where such tenancy has continued through several years, it constitutes as a whole one continuing tenancy. In case, however, of a tenancy for another term arising out of the election of a landlord so to hold a tenant who holds over his term, it is held that each tenancy arising from the holding over constitutes a new term or tenancy distinct and separate from the preceding term or tenancy. As has been said, the only logical deduction from the choice given to the landlord of treating a hold-over tenant either as a trespasser or as a tenant for another year is that each holding over, where acquiesced in by the landlord, constitutes a new term, separate and distinct from those which preceded it, and related to each other only in the conditions of the original lease which the law reads into the new tenancy. So it is held that there is a distinction between those tenancies from year to year from which the rule requiring notice to quit had its origin, and those arising from a holding over by the tenant after the expiration of a lease for a specified term. In each year of occupancy under the former, there is, it is said, a growing interest in the ensuing year, springing out of the original contract; while in the latter case a new contract arises each year of the holding over, by implication from the conduct of the parties.

And therefore notice to quit is not necessary to terminate a tenancy arising from the tenant's holding over."

In *Kennedy* v. *City of New York*, 196 N. Y. 19 (89 N. E. 360, 25 L. R. A. [N. S.] 847), Mr. Justice Werner, speaking for the court, thus stated the question before the court:

"The question to be decided is whether the defendant's liability for the rent of the years 1898 and 1899 arose out of a single contract or out of two distinct contracts; and that depends upon the underlying question whether a holding over from year to year, after the expiration of a definite term, is merely an extension or enlargement of the original term, or whether such a holding over constitutes a new term for each year that it continues."

After considering the authorities he said:

"Upon principle and authority we conclude that a tenancy from year to year, created by the tenant's holding over after the expiration of his original term, is a new term for each year of such holding over, upon the terms of the original lease so far as they are applicable to the new relation."

A much cited case involving the question now under consideration is *Gladwell* v. *Holcomb*, 60 Ohio St. 427 (54 N. E. 473, 71 Am. St. Rep. 724). The court there said:

"A distinction has been made between those tenancies from year to year from which, as has been seen, the rule requiring notice to quit had its origin, and those arising from a holding over by the tenant after the expiration of a lease for a specified term. In each year of occupancy under the former, there is, it is said, a growing interest in the ensuing year springing out of the original contract; while in the latter case, a new contract arises each year of the holding over, by implication from the conduct of the parties.  *  *  *

"As the assent of both parties is necessary to the creation of this new contract at the beginning of each

year, it is obvious that if the tenant chooses not to hold over, and vacates the premises at the end of any year, the tenancy ceases without liability for rent for the ensuing year, though no notice of his intention to remove be given, as certainly as it does upon the expiration of a lease expressly made for a specific term.   So it does, though he hold over, unless the landlord chooses to accept him as a tenant for another year.   By remaining in possession without any new arrangement, the tenant is regarded as offering to take the premises for another year upon the terms of his tenancy which has just expired.   But the landlord is not bound to accept the offer; and, unless he does so, by receiving rent, or some other act of assent or acquiescence, the tenancy is terminated, and notice of his intention not to renew it for another year is unnecessary.   The holding over after the end of any year, without the landlord's consent, is equivalent to holding over after the expiration of a lease for a specific term.   And, if the landlord does not choose to accept the proffered tenancy for another year, he is at liberty to treat the occupant as a trespasser, and may maintain ejectment against him, without previous notice of his intention not to prolong the tenancy. This result necessarily follows from the fact that the tenancy terminates at the close of the year, unless the parties, by some new agreement, express or implied, extend it for a longer period."

Turning now to some of our own cases:   *Ganson* v. *Baldwin,* 93 Mich. 217, grew out of a written contract set out in the opinion.   It was held that plaintiff was bound only in so far as she had acquiesced in it.   It being a contract for an indefinite period, strictly a tenancy from year to year, it was held that a year's notice should be given.   It was not a case of holding over.   Nor was *Grady* v. *Warrell,* 105 Mich. 310, a case of holding over.   The executors had executed a lease for two years.   Under the statute they were empowered only to lease "from year to year."   They had exceeded their power.   The lease was good only as one from year to year and a year's

notice was necessary.    In *Scott* v. *Beecher*, 91 Mich. 590, the question of holding over was involved.    It was there said:

> "It is well settled that when a tenant enters under a parol lease for a year, and holds over, and when a tenant under a valid lease for years holds over, the law implies a contract on his part to renew the tenancy on the same terms for another year; but the landlord may treat him as a trespasser, or as a tenant holding upon the terms of the original lease."

In *Schneider* v. *Lord*, 62 Mich. 141, the question involved was whether the payment of rent by the month made a tenancy from month to month or from year to year.    It was held under the facts that the tenancy was from year to year.    *Mason* v. *Wierengo's Estate*, 113 Mich. 151, was a hard case, but it was held that the occupancy of the premises by the tenant for a few days after the end of the term with the acquiescence of the landlord operated to renew the lease for another year.

To my mind *Teft* v. *Hinchman*, 76 Mich. 672, is precisely in point.    There had been a verbal lease for two years which was not valid for the two years under the statute of frauds; it was good for a year.    The tenant held over for the second year with the acquiescence of the landlord.    The question involved was whether he could be evicted at the end of the second year without a notice to quit.    This question was answered in the affirmative, the court saying:

> "It is true, many cases are found in the books so full of various subtleties, refinements, and technicalities of terms as to the law of notice to quit between landlord and tenant that a study of them leads to almost hopeless confusion and uncertainty as to the manner of procedure to get rid of a tenant; but under our statute and practice, as defined by our own courts, the matter is simple enough.    There is probably no other branch of the law so full of doubt and perplex-

ity to the profession as this one, if resort is had to numerous authorities.

"But apply the law of this State to the case in hand, and the solution is easy.   The second year Hinchman was holding the same as under a verbal lease for one year.   At the end of it he required no notice to determine it.   The complainants could have proceeded against him the next day, without notice to quit, to obtain possession."

In the case of *Ryan* v. *Mills*, 129 Mich. 170, it was said by Mr. Justice GRANT, speaking for the court:

"Defendant's counsel urged that defendant, by entering upon another term, had obtained the right of occupancy for a year, and was entitled to one year's notice before complainant could legally proceed to terminate the tenancy.   The court held that the case was controlled by *Teft* v. *Hinchman*, 76 Mich. 672, and in this it was correct."

See, also, *Murphy* v. *McIntyre*, 152 Mich. 591.

In my judgment the decree should be reversed and the bill dismissed, with costs of both courts.

STEERE, C. J., and STONE, CLARK, BIRD, and SHARPE, JJ., concurred with FELLOWS, J.

MOORE, J. (*dissenting*).   From a decree enjoining the appellant from interfering with the tenancy of the plaintiff the case is brought here by appeal.   Counsel agree that the facts are as stated in the decree, as follows:

"That said plaintiff is the tenant and in possession of the offices known as suite No. 31 in the Detroit Opera House Building; that he went into possession of said offices in August, 1898, when said opera house building was completed, under a written lease from the Clark estate, then the owners of said opera house, the term of said lease being either three or five years, and his tenancy of said offices has continued down to the present time, part of the time under written leases for terms of three or five years, the last one

of said written leases being for the period from August 1, 1905, to and including July 31, 1908, a copy of which is attached to the answer of the defendant, Atkinson, Deacon, Elliott Company and part of the time without any formal written lease, but always at the same rate of rental which was $600 per year, payable in equal monthly installments on the first day of each month in advance; that some three or four years ago, the Clark estate sold the building to the present owner; that no written lease had been entered into between the Clark estate and the plaintiff for a number of years past nor has any such lease been entered into between the present owner and the plaintiff since the sale of the Clark estate; that after purchasing the property, the present owner continued to recognize the plaintiff as the tenant of said offices and received the same rent therefor as had always been paid by the plaintiff in the past; that in the month of February, 1920, the plaintiff received a notice from the defendant Atkinson, Deacon Company of intention to terminate his tenancy on April 1, 1920; that the plaintiff did not thereafter vacate said offices, but claimed to be a tenant from year to year and entitled to a year's notice of intention to terminate his tenancy and continued to pay rent for the premises; that on July 1, 1920, said plaintiff was verbally notified by defendant, Atkinson, Deacon, Elliott Company, who had then become agent for the owner of the building, that unless he vacated said premises on or before August 1, 1920, he would be put out; that the bill of complaint in this cause was filed July 29, 1920, for the purpose of preventing interferences with plaintiff's tenancy and possession of said offices."

Counsel for appellant say that under plaintiff's theory appellant will be entitled to the possession of the premises before a decision can be reached, and conclude their brief by saying:

"We submit that if the matter in dispute upon this record is to be decided at all, the decree entered below should be vacated, and a decree entered dismissing the bill." Citing cases, some of which tend to support their contention.

Two questions are involved:

(1) Is appellee a tenant from year to year?

(2) If he is a tenant from year to year what notice of intention to terminate the tenancy is he entitled to?

1. Is appellee a tenant from year to year?    It has been said:

"Tenancies from year to year are the creation of judicial decisions, based upon principles of policy and justice, out of what were ancient tenancies at will, terminable at any time by either party without notice. \* \* \*

"A tenancy from year to year may arise either expressly as when land is let from year to year, or by a general parol demise, without any determinate interest, but reserving the payment of annual rent; or by implication, as when property is occupied generally under a rent payable yearly, half yearly, or quarterly; or when a tenant holds over, after the expiration of his term, without having entered into any new contract, and pays rent."    24 Cyc, pp. 1027, 1028.

Again:

"According to the great weight of authority, where a tenant under a demise for a year or more holds over at the end of his term without any new agreement with the landlord, he may be treated as a tenant from year to year."    24 Cyc. p. 1031.

Again, in Gates Michigan Real Property, § 207, it is stated:

"A tenant under a lease for one or more years holding over and paying rent, thereby renews the lease for another year."

This question was before this court in *Schneider* v. *Lord*, 62 Mich. 141, and *Scott* v. *Beecher*, 91 Mich. 590, which are to the same effect as the text-book law which we have quoted.    There is nothing in *Barlum* v. *Berger*, 125 Mich. 504, that is in conflict with the two Michigan cases cited for the rent in the last

named case was not an annual rent, but a monthly rent only.

*Schneider* v. *Lord, supra,* and *Scott* v. *Beecher, supra,* are so accessible that we shall not quote from them, but content ourselves with saying that they sustain the holding of the trial judge that the appellee in the instant case is a tenant from year to year.

2. What notice was required to end the tenancy? Section 11812, 3 Comp. Laws 1915, reads:

"And in all cases of tenancy from year to year, a notice to quit, given at any time, shall be sufficient to terminate said lease at the expiration of one year from the time of the service of such notice."

This language is not ambiguous. See *Ganson* v. *Baldwin,* 93 Mich. 217; *Grady* v. *Warrell,* 105 Mich. 310.

The decree should be affirmed, with costs to the appellee.

WIEST, J., concurred with MOORE, J.