KUHNS *v.* MARVEL PAINT STORES.

1. LANDLORD AND TENANT — EXECUTORS AND ADMINISTRATORS — PRINCIPAL AND AGENT.
   Where a son, as agent of his mother, who was acting administratrix of her husband's estate, leased a store building for a term of five years, the daughter, who on her mother's death succeeded her as administratrix, would have no

more right to terminate the lease before the expiration of the term than would the mother.[1]

2. SAME—LESSEE BY PAYING RENT TO NEW ADMINISTRATRIX LOST NO RIGHTS UNDER LEASE EXECUTED BY AGENT OF FORMER ADMINISTRATRIX.

The lessee, by paying the rent to the daughter instead of to the son, after being notified of her appointment as administratrix, in no way recognized her as a new lessor, and gave her no right to change the terms of the lease or to begin proceedings for possession because of its refusal to pay increased rental demanded.[2]

3. SAME—FIVE-YEAR LEASE BY ADMINISTRATRIX VOID BUT GOOD AS LEASE FROM YEAR TO YEAR.

In view of the fact that the statute (3 Comp. Laws 1915, § 13850) gives the administratrix the right to lease realty only from year to year, a lease for five years was void, but it created a tenancy from year to year terminable at the expiration of one year from the time of service. of a notice to quit.[3]

4. EXECUTORS AND ADMINISTRATORS—ESTATE OF ONE PRESUMED TO BE DEAD MAY BE ADMINISTERED UNDER STATUTE.

The estate of a person absent and unheard of for more than seven years, which has for some years been administered by an administratrix appointed upon such representation, may now be administered and settled agreeably to the provisions of Act No. 205, Pub. Acts 1925, should any of the parties interested so desire.[4]

Error to Ingham; Carr (Leland W.), J.    Submitted October 8, 1925.    (Docket No. 32.)    Decided December 22, 1925.

Summary proceedings by Mary E. Kuhns, administratrix of the estate of Frederick Trostel, deceased, against the Marvel Paint Stores, Inc., for the possession of leased premises.    There was judgment for defendant, and plaintiff appealed to the circuit court. Judgment for defendant.    Plaintiff brings error. Affirmed.

[1]Executors and Administrators, 24 C. J. § 2750; [2]Landlord and Tenant, 36 C. J. § 1755; [3]Executors and Administrators, 24 C. J. § 690 (Anno); Landlord and Tenant, 35 C. J. §§ 294, 317; [4]Absentees, 1 C. J. § 4.

*Joseph H. Dunnebacke* and *A. M. Cummins,* for appellant.

*Thomas A. Lawler* and *John F. Berry,* for appellee.

SHARPE, J.    Frederick Trostel, a resident of Lansing, aged about 53 years, disappeared in 1893. He at that time had a wife, one son and two daughters. He owned several parcels of real estate in the city, among them a store building, now occupied by defendant.    In 1912, his wife was appointed administratrix of his estate, on the representation that he had been absent and unheard of for more than seven years.    She collected the life insurance which he carried.    The real estate owned by him was listed in the inventory made.    His son, George, had looked after and rented the realty in his own name up to the time of his mother's appointment, and continued to do so, turning over the proceeds thereof to her.    The mother died in 1921.    She had made no report as administratrix.    Soon after, the plaintiff, a daughter, applied for and was granted letters of administration. George, however, continued in charge of the property and collected the rents until 1924.    In 1920, he entered into a lease with the defendant, to expire on December 31, 1924.    It contained an option for renewal by defendant for five years, at an increased rental.

In March, 1924, plaintiff's attorney wrote defendant that the rents thereafter must be paid to her. In the correspondence which followed, the attorney advised defendant that George had no right to make the lease, but stated that plaintiff would be willing to accept the rent fixed therein for the present as a reasonable rental value of the premises.    The defendant replied that its only interest was to see that the rent was paid to the proper person and, after having been furnished with a certified copy of plain-

tiff's letters, it sent to her its check for four months' rent.    Shortly thereafter, plaintiff notified defendant of an increase in the monthly rental.    Defendant made tender of the amount fixed in the lease.    On October 30, 1924, plaintiff began summary proceedings for possession.    Defendant had judgment on trial before the commissioner, and also on appeal to the circuit court.    Plaintiff here reviews the judgment there rendered by writ of error.

Plaintiff's counsel contend that her appointment as administratrix is not affected by the holding in *Beckwith* v. *Bates*, 228 Mich. 400.    Assuming for the purpose of this decision, but not deciding, that her appointment was legal, it follows that her mother's was also.    We quote from plaintiff's brief:

"Defendant's original contract was made in form with George F. Trostel, but Trostel was acting as agent for the administratrix, having certain powers arising from acquiescence.    We are not disposed to question but that by reason of such acquiescence he could make any contract which the administratrix, herself, could have made, if her appointment was valid."

We therefore find the defendant in possession of this property under lease from the estate.    On plaintiff's appointment, she succeeded to the rights of her mother as administratrix under this lease.    *Kline* v. *Moulton*, 11 Mich. 370, 382.    If her mother could not have terminated it until the expiration of the five-year period, she could not do so.    After her attorney had satisfied the defendant that she was entitled to collect the rent, it was thereafter paid to her.    By doing so, the defendant in no way recognized plaintiff as a new lessor.    While its lease was made with George, individually, defendant had then discovered that in making it he was acting for the estate, and was thereafter willing to acknowledge the plaintiff as administratrix as its landlord.    By doing so, defendant gave plaintiff no right to change the terms of the

lease, nor to begin this proceeding for possession because of its refusal to pay the increased rental demanded. The statute (3 Comp. Laws 1915, § 13850) gave the administratrix the right to lease the realty "from year to year." The five-year lease, entered into by the son on behalf of his mother as administratrix, was void, but it created a tenancy from year to year (*Grady* v. *Warrell,* 105 Mich. 310), terminable at the expiration of one year from the time of service of a notice to quit (3 Comp. Laws 1915, § 11812).

The legislature in 1925 having passed an act (No. 205) providing for the disposition of the property of such an absentee, this estate may now be administered and settled agreeably to its provisions, should any of the parties interested so desire.

The judgment is affirmed, with costs to appellee.

MCDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.