ELLIS *v.* ARNOLD.

1. LANDLORD AND TENANT—LEASE BY EXECUTOR—PROBATE COURT LICENSE.

   A lease of property by an executor without a license therefor by the probate court is void (CL 1948, § 709.5).

2. SAME—MINORS—CONSENT UPON REACHING MAJORITY.

   A lease of a residential property in which a minor had an interest is void after he attained majority without having consented thereto (CL 1948, § 709.5).

Appeal from Wayne; Ferguson (Frank B.), J. Submitted April 8, 1954. (Docket No. 32, Calendar No. 45,895.) Decided June 7, 1954.

Action before circuit court commissioner by Robert Ellis against LaVerne Arnold for possession of leased premises. Judgment for possession appealed to circuit court and sustained. Defendant appeals. Affirmed.

*Henry W. Kleber,* for plaintiff.

*Harold E. Bledsoe,* for defendant.

REID, J. This is an appeal from a judgment of the circuit court of restitution of possession of premises to plaintiff.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur, Executors and Administrators § 292; 32 Am Jur, Landlord and Tenant § 25.

Plaintiff Ellis filed a complaint to recover possession of premises before a circuit court commissioner. At the conclusion of a trial by jury, plaintiff moved for a directed verdict, which motion was granted and the circuit court commissioner directed a verdict and entered a judgment of possession of the premises. Defendant appealed to circuit court. In circuit court, there being no dispute as to the facts, the case was submitted on briefs.

The premises in question were owned by Lulu A. Lampman who died testate in Detroit in 1945. She devised the lands in question to her grandson, Arthur Lee Sykes, a minor, subject to an interest in one-half of the income to other parties who filed written disclaimers in favor of said minor. Frederick R. Austin was appointed executor. On August 6, 1946, the executor filed with the probate court a petition for leave to lease the real estate mentioned in the complaint for a period of 4 years, September 1, 1946 to September 1, 1950, and written across the face of the petition is the notation, "Filed and granted as prayed."—"P. H. O'Brien, Probate Judge." No such lease was ever executed.

In defendant's concise statement of facts, there is, referring to the 4-year lease authorized by Probate Judge O'Brien, the statement, "This lease, obviously, was never executed."

Without further application to the probate court, the executor on November 1, 1949, granted and gave a lease to James A. Ennis and Vera M. Ennis for a term beginning November 1, 1949 and ending November 31, 1953, the executor apparently assuming to act under the provisions of CL 1948, § 709.5 (Stat Ann § 27.3178 [465]). It is to be noted that under this section of the statute, the fiduciary (executor in the instant case) may lease the land of the estate "when licensed so to do by the probate court," and that there is in said statute the further provision that

the lease of the estate of a minor ward shall not without the ward's consent upon attaining majority extend beyond the 21st birthday of the ward, excepting as to oil, gas and mineral rights not involved in this case.   The subject lands consist of a residential property.   Through mesne conveyances the lessees' interest therein was conveyed to defendant.

On May 15, 1951, the executor filed a petition in probate court stating that the minor objected to the lease and requesting the probate court to invalidate the 4-year lease previously executed by him.   Probate Judge Thomas C. Murphy entered an order June 18, 1951, authorizing "a lease to begin as of the date hereof and to continue for a period of one year thereafter."   The 4-year lease was never surrendered by the lessees and no new lease was entered into pursuant to the order of the probate court.

On November 7, 1951, after the minor ward Sykes became of age, the estate was closed.   On the same day, Sykes deeded the premises to plaintiff.

Some 2 months after plaintiff Ellis took title, defendant tendered him the monthly rent for the premises and stated that the lease had been assigned to her on January 1, 1952.   Plaintiff and his property agent before accepting any rent from defendant, informed her that the lease was void, but that he would allow her to remain in possession until June 18, 1952, the date set forth and limited in the probate order of June 18, 1951.   The premises were subject to regulations of the office of price stabilization, and to conform with the requirements of said office, plaintiff served notice on defendant on June 16, 1952, demanding possession on August 18, 1952.   On defendant's failure to vacate, this suit was begun.

Possession after June 18, 1952, was obviously beyond any period authorized by either probate judge.

The lease, dated November 1, 1949 to expire November 31, 1953, was without leave granted by the probate court.

Defendant relies on the case of *Kuhns* v. *Marvel Paint Stores,* 233 Mich 108. The *Kuhns Case* turned on the statute then in force which did not require the probate court's consent to the lease and the *Kuhns Case* does not seem to have involved any rights of a minor.

The statute, CL 1948, § 709.5 (Stat Ann § 27.3178 [465]), now contains a provision requiring the consent of the probate court to a lease (such as that which defendant relies on) by an administrator, and also forbids a lease beyond the minority of the ward, unless consented to by the ward upon attaining majority; both of which requirements being violated by the lease in question, the lease is void.

The order of restitution appealed from is affirmed. Costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.